[Department One.—January 16, 1883.]

## WOLF CERKEL, APPELLANT, *v.* M. WATERMAN ET AL., RESPONDENTS.

CONVERSION.—The defendants, who were commission merchants in San Francisco, sold a quantity of wheat, supposing it to be the property of one Williams, and paid over the proceeds to him. The wheat belonged to the plaintiff, and the action was brought to recover its value. The supposition of the defendants as to the ownership of the wheat grew out of the circumstances under which they received it, but the mistake was not caused by any act of the plaintiff. On a review of the facts, *held*, (1) that the defendants were not justified in supposing that the wheat belonged to Williams; (2) that even if they were such a supposition does not exempt them from liability to the plaintiff for selling his wheat and paying the proceeds to another.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

*Walter Van Dyke,* and *Wendell & Kelley,* for Appellant.

*G. F. & W. H. Sharp,* for Respondents.

ROSS, J.—The findings we think too favorable to the defendants in view of the evidence. Nevertheless, as, in our opinion,

upon the facts as found, the plaintiff is entitled to judgment, we will, in view of the nature of the case, not order a new trial, but direct judgment to be entered in his favor upon the findings as they are.

Briefly, the action is for a conversion of two hundred and seventy-two sacks of wheat. According to the findings the plaintiff purchased of one Whitman one thousand two hundred and seventy-two sacks of wheat. The wheat was in the possession of Brown & Son, who were warehousemen at Brown's Landing, in Solano County, to be shipped to San Francisco on plaintiff's account. Brown & Son shipped one thousand sacks of the wheat for the plaintiff by a vessel commanded by Captain Westfall, consigned to Starr & Co., San Francisco. During the same time the defendants, who were commission merchants for the sale of grain in San Francisco, were receiving barley from the same landing from one Williams, through Brown & Son, for sale on commission, by means of a schooner commanded by Captain Espinosa. After the shipment of the one thousand sacks by Westfall's vessel there remained at the landing two hundred and seventy-two sacks of the wheat belonging to the plaintiff. At the time of the departure of Westfall's boat the schooner in charge of Espinosa was at the landing and was partly loaded with barley for the defendants. Brown & Son put the two hundred and seventy-two sacks of wheat belonging to plaintiff on Espinosa's boat and took a receipt from him for the wheat " to be delivered in San Francisco," the captain, as was the custom, keeping a duplicate. Espinosa did not know to whom the wheat belonged, and delivered it to the defendants, who, supposing it belonged to Williams, sold it, as also the barley, and accounted to Williams for the proceeds, before they knew that the wheat belonged to the plaintiff.

There was no ground for the defendants' supposition that the wheat belonged to Williams. They were receiving *barley*, not wheat, from him. But it is clear that such supposition, if well founded, would not have exempted them from liability for selling the plaintiff's wheat and paying its proceeds to another.

Judgment and order reversed and cause remanded to the court below with directions to enter judgment on the findings in favor

of the plaintiff, and against the defendants, in accordance with the prayer of the complaint.

McKee, J., and McKinstry, J., concurred.